UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVE ABSALON,

    Petitioner,

v.                                          CASE NO. 6:06-cv-019-Orl-19JGG
                                                     (6:03-cr-184-Orl-19JGG)

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Steve Absalon (Doc. No. 1). The Government filed a response to the motion (Doc. No. 4), and Petitioner filed replies to the Government's response (Doc. Nos. 5 and 9).

*Procedural History*

Petitioner was charged by indictment with robbing a bank in violation of 18 U.S.C. § 2113(a) and (d) (count one) and with carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii) (count two) (Criminal Case No. 6:03-cr-184-Orl-19JGG, Doc. No. 1, filed August 27, 2003).[1] On October 28, 2003, pursuant to a written plea agreement (Criminal Case Doc. No. 33), Petitioner entered a plea of guilty to counts one and two of the indictment before United States Magistrate Judge James G. Glazebrook. Thereafter, Magistrate Judge Glazebrook entered a report and recommendation,

---

[1] Criminal Case No. 6:03-cr-184-Orl-19JGG will be referred to as "Criminal Case."

recommending that the guilty plea be accepted and that Petitioner be adjudged guilty (Criminal Case Doc. No. 34). This Court accepted the plea and adjudicated Petitioner guilty of counts one and two of the indictment (Criminal Case Doc. No. 37). A sentencing hearing was conducted, and, on January 26, 2004, Petitioner was sentenced to a 125 month term of imprisonment. On January 27, 2004, this Court entered a Judgment in a Criminal Case (Criminal Case Doc. No. 51).

On February 2, 2004, Petitioner filed a notice of appeal from the judgment. The Eleventh Circuit Court of Appeals, however, dismissed the appeal on March 30, 2004, for lack of prosecution.

*Timeliness of Petitioner's Motion*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one-year limitation of § 2255.

In the present case, the appellate court entered its order of dismissal on March 30, 2004, for lack of prosecution. Thus, the judgment of conviction became final on March 30, 2004.[2] Because Petitioner's judgment of conviction became final on March 30, 2004, he had through March 30, 2005, to file a § 2255 motion in this case. Under the mailbox rule, Petitioner's motion was not filed until December 28, 2005. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, will be presumed to be the date the document was signed by the prisoner); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

---

[2]If the Eleventh Circuit had issued a decision on the merits of Petitioner's appeal, then the judgment of conviction would not have become final until June 28, 2005, when the ninety-day time period for filing a petition with the United States Supreme Court for writ of certiorari expired. *See* Sup. Ct. R. 13; *see also Close v. United States,* 336 F.3d 1283, 1285 (11th Cir. 2003) (quoting *Clay v. United States*, 537 U.S. 522 (2003), for the proposition that "'a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.'").

Petitioner contends, however, that § 2255(4) applies because he exercised due diligence in filing the instant motion. Pursuant to § 2255(4), application of the postponed accrual provision to the one-year statute of limitations "is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp. 2d 629, 630 (D. Md. 1999).

In the instant case, Petitioner asserts three claims consisting of the following: (1) he received ineffective assistance of counsel during sentencing based on counsel's failure to object to facts that were not admitted by him or submitted to a jury to be proved beyond a reasonable doubt, (2) his convictions by both state and federal authorities violated the Double Jeopardy Clause, and (3) he received ineffective assistance of appellate counsel based on counsel's failure to pursue his appeal. Petitioner alleges that his appellate counsel failed to inform him that his appeal was denied and that he was unaware of the dismissal of his appeal until after the time for filing a § 2255 motion had expired. Petitioner purportedly did not learn of the appellate court's denial of his appeal until his wife contacted appellate counsel sometime after the statute of limitations had expired on March 30, 2005. Petitioner alleges that he then filed the instant petition.

The facts supporting claims one and two of the instant petition were discoverable no later than January 26, 2004, the date on which Petitioner was sentenced. As such, Petitioner has not established that § 2255(4) is applicable to these claims. Petitioner's third claim, however, alleges that he received ineffective assistance of appellate counsel based on counsel's failure to pursue his appeal. Petitioner maintains that he did not know of

4

appellate counsel's failure to pursue his appeal until after the one-year period for filing the instant motion had expired.

Based on Petitioner's assertion that he filed the instant petition after his wife was told that his appeal had been denied, the Court assumes that Petitioner did not learn of the facts supporting his claim of ineffective assistance of appellate counsel until presumably around December 28, 2005, the date on which he filed the instant § 2255 motion.[3]  The question that remains, however, is whether Petitioner has established that he exercised due diligence in discovering the facts supporting this claim.

The petitioner bears the burden of persuading the Court that he exercised due diligence in searching for the factual predicate of his claim. *Bailey v. Crosby*, 2005 WL 2149285, *5 (M.D. Fla. 2005). The inquiry that the Court must make is "whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are 'newly discovered.'" *Id.* (citing *In re Boshears*, 110 F. 3d 1538, 1540 (11th Cir. 1997)).

In the instant case, the facts supporting Petitioner's claim of ineffective assistance of appellate counsel were discoverable through the exercise of due diligence as early as April 1, 2004, the day after the Eleventh Circuit denied Petitioner's appeal for lack of prosecution. In other words, Petitioner's appeal, which was filed on February 2, 2004, and was dismissed less than two months later on March 30, 2004, had been concluded for at

---

[3]The Court notes that Petitioner does not assert the date on which he discovered that the Eleventh Circuit had dismissed his appeal. Furthermore, Petitioner does not allege that he ever attempted to contact his appellate counsel or the courts to discover the status of his appeal.

5

least a year before Petitioner took any steps to determine the status of his appeal.[4] Petitioner does not assert that he ever called or wrote his attorney to inquire about the status of his appeal. The only action that Petitioner indicates was taken was when his wife called his attorney sometime after March 30, 2005. *Cf. Aron v. United States*, 291 F.3d 708, 713-16 (11th Cir. 2002) (reversing and remanding the case to the district court for a determination of whether the petitioner exercised due diligence to discover the facts supporting his claim of ineffective assistance of appellate counsel in light of the petitioner's sworn assertions that he wrote many letters and placed numerous phone calls to his attorney's office seeking information and further filed a motion with the appellate court requesting to know the grounds on which his appeal was affirmed); *see also Drew v. Dept. of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002) (concluding that equitable tolling was not warranted based on the petitioner's failure to show that he acted diligently in discovering that his first habeas petition had been dismissed). Therefore, the logical conclusion to be drawn from Petitioner's assertion is that even though he knew an appeal was filed by his attorney, he did not contact his attorney or the appellate court for more than a year after the appeal was filed to discover the status of his appeal. As such, the Court cannot conclude that Petitioner has established that he exercised due diligence in discovering the

---

[4]Assuming Petitioner filed the instant case shortly after his wife contacted his appellate counsel, Petitioner waited over twenty months without taking any action.

facts that support his claim of ineffective assistance of appellate counsel.[5] Accordingly, § 2255(4) is not applicable, and the petition is untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitations and that are not specifically addressed herein have likewise

been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed January 6, 2006) filed by Steve Absalon is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a certified copy of this Order in criminal case number 6:03-cr-184-Orl-19JGG and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 68) pending in that case.

**DONE AND ORDERED** at Orlando, Florida, this __11th___ day of September, 2006.

---

[5]*See Plowden v. Romine*, 78 F. Supp. 2d 115, 118 (E.D.N.Y. 1999) (concluding that the petitioner's failure to inquire as to the status of his appeal for more than seventeen months demonstrated a lack of due diligence).

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 9/11
Steve Absalon
Counsel of Record